Inocencia Picón Rivera, demandante y apelante, *v.* Central Cambalache, Inc., demandada y apelada.

No. 6572.—*Sometido:* Junio 29, 1935. *Resuelto:* Julio 16, 1935.

*Isaías M. Crespo,* abogado de la apelante; *Félix Santoni,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte demandada ha presentado una moción pidiendo la reconsideración de la sentencia dictada por esta corte en este caso el 20 de mayo último.

Se acordó oír a la parte demandante sobre el segundo fundamento de la moción, o sea, el que se refiere al pronunciamiento de costas, y la dicha parte archivó su oposición escrita a que el pronunciamiento se reconsidere.

La cuestión legal envuelta se presta al sostenimiento de diferentes criterios como lo demuestra la división de opiniones en los propios jueces de esta corte. Si bien la forma en que fué finalmente resuelta estaba apuntada en previas decisiones del tribunal, sólo lo fué de modo terminante en el caso de *Martínez* v. *Central Cambalache* en marzo 8 último, ante, pág. 216, mucho después de iniciado este pleito, y en tal caso al revocar la sentencia y dictar la que debió haber dictado la corte de distrito, lo hicimos sin especial condenación de costas.

La corte de distrito falló aquí en favor de la demandada. El alegato de la demandada como apelada y su moción de reconsideración revelan una firme convicción de la posición que sostiene.

Bajo esas circunstancias creemos que si bien la parte perdidosa debe pagar las costas, no debe incluirse en ellas la totalidad de los honorarios de abogado.

La ley vigente es al efecto de que "En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, *una cantidad que represente el valor de los servicios de su abogado, o una parte de dicha cantidad.*" Itálicas nuestras. Disponiendo además dicha ley "que los honorarios y costas serán concedidos a discreción del juez

que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia." Artículo 327 Código de Enjuiciamiento Civil, ed. 1933, p. 154.

En un caso como éste la Corte Suprema al revocar la sentencia de la corte de distrito debe pronunciar la que debió dictar dicha corte (Artículo 306 del Código de Enjuiciamiento Civil, ed. 1933, p. 144) teniendo en tal virtud sus mismos poderes, de suerte que lo dispuesto en el artículo 327 del Código de Enjuiciamiento Civil antes citado en cuanto a cortes de distrito es aquí aplicable a la Corte Suprema.

Juzgando, pues, las circunstancias que concurren, de acuerdo con la ley, entendemos que para acercarnos lo más posible a la justicia del caso, debemos reconsiderar el repetido pronunciamiento de costas de la sentencia de 20 de mayo, 1935, sustituyéndolo por el que sigue: "con las costas, incluyéndose en ellas una mitad del valor de los servicios de abogado."

En cuanto a la cuestión de fondo, no nos ha convencido la moción de reconsideración que debamos variar de criterio.

*Dicha moción se deniega, pues, en parte, y en parte se concede, en la forma indicada.*

Los Jueces Asociados señores Hutchison y Córdova Dávila disintieron.*